STATE OF MAINE

ANDROSCOGGIN, SS.

RECEIVED & FILED

MAY 04 2000

ANDROSCOGGIN
SUPERIOR COURT

JAMIE PELLETIER,

        Plaintiff

    v.

SCOTT MASON,

        Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-076
TED-AND- 574 2000
DONALD L. GARBRECHT
LAW

MAY 26 2000

**FINDINGS AND JUDGMENT**

The plaintiff initiated this action for damages arising out of an incident in which the defendant pushed him through a plate glass window.

The defendant answered the complaint by stating that he "received the summons and [does] wish to oppose this matter." He has acted and appeared *pro se* throughout these proceedings.

During the discovery period permitted by the court's Scheduling Order issued pursuant to M.R. Civ. P. 16(a), the defendant failed to comply with the rules for discovery. After two orders to compel were issued, the court entered a default of the defendant on March 5, 2000, and ordered that the case be set for a hearing on damages.

After notice to the parties, a hearing on damages was held on May 3, 2000. The plaintiff appeared with counsel and the defendant was present and the defendant was present and participated in the hearing.

Based on the evidence at the hearing the court finds that the plaintiff suffered several lacerations to his back, neck and left arm. The injuries to the back and neck

were treated as minor, but the laceration to his left arm in the area of the medial bicep was more severe.

At the scene of the incident the plaintiff describes the cut as "spurting blood" which was controlled by the application of a tourniquet. He did not lose consciousness at any time. He was transported from the scene by ambulance to the emergency room at Central Maine Medical Center a short distance away. On arrival at the hospital he was still bleeding and the cloth and bandages that had been applied by his brother and ambulance personnel had soaked through. Although he was treated and released, the ER physician (Dr. McKay) was sufficiently concerned about the injury to the upper left arm that she consulted with an orthopedic surgeon (Dr. Dumont).

The orthopedic examination was essentially negative but the plaintiff did suffer a substantial limitation to his range of motion of his elbow and forearm. Upon discharge he was prescribed a pain killer and told to see Dr. Dumont in a follow-up visit.

Dr. Dumont saw him one time at his office. Mr. Pelletier was doing well but still had a very limited range of motion in the arm. Physical therapy was not recommended but Mr. Pelletier was advised to perform a series of exercises to gradually increase his range of motion and strength in the arm.

At the time of the incident, Mr. Pelletier was part owner of the Milestone Pub and worked as the primary bartender. Because of the injury, and his limited range of motion and limited strength, he could not continue as a bartender. It was necessary to hire a temporary replacement at a cost of $400-$500.

Mr. Pelletier gradually regained use of his arm so that he could resume bartending about three weeks after the injury and recovered fully after six weeks. During this recovery period he had to maintain his arm in a sling for about three weeks, experienced discomfort, and had trouble sleeping. He does not make any claim for on-going injury related problems or permanent impairment. Notwithstanding the manner in which he was injured, he has not made a claim for punitive damages.

In addition to the cost of a replacement bartender, Pelletier incurred expenses for ambulance and EMT services ($215.00), CMMC Emergency Room ($435.03), and Dr. Dumont ($205.00).

Having considered all of the evidence, the amount of special damages incurred and the conscious pain and suffering, the court finds that the plaintiff, Jamie Pelletier, is entitled to total damages in the amount of $7,255.03.

In his complaint the plaintiff requests an award of attorneys fees. It is well settled that attorneys fees are recoverable only by statute or agreement of the parties. They are not recoverable in this action. Costs and expenses are recoverable to the extent allowed by court rules or statute.

The clerk shall make the following entry as the judgment of the court:

> After hearing on damages, the court finds for plaintiff. Judgment is entered for plaintiff, against defendant, in the amount of $7,255.03 plus interest and costs pursuant to rule and statute.

DATED: May 4, 2000

Thomas E. Delahanty II
Justice, Superior Court

3

Plaintiff

Robert Guillory, Esq

Defendant

Prose